**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No._____

---

Don Walls,
Individually,

        Plaintiff,

v.

Boos & Sons, LLC,
a Colorado Limited Liability Company,

William Boos,
Individually,

and

Linda Boos,
Individually,

        Defendants.

---

**COMPLAINT**

---

      COMES NOW the Plaintiff, Don Walls, by and through counsel, Cornish & Dell'Olio,

P.C., and for his Complaint against the Defendants, Boos & Sons, LLC and William and Linda

Boos ("the Defendants"), states as follows:

**Introduction**

1.      Over the course of more than eight years, the Plaintiff, Don Walls, worked for Boos &

Sons, LLC ("Boos & Sons"), a landscape and construction company owned and operated by

William and Linda Boos ("the individual Defendants").

2.      During those eight years, Mr. Walls worked as an employee of the Defendants.

3.      From 2013 to 2021, Mr. Walls worked an average of fifty (50) hours per week for the Defendants.

4.      During that time period, Mr. Walls performed general construction services on behalf of the Defendants.

5.      In turn, the Defendants paid Mr. Walls in cash for his work.

6.      The Defendants failed to keep accurate records of Mr. Walls' time worked.

7.      The Defendants also failed to keep accurate record of the pay that Mr. Walls received.

8.      For example, the Defendants did not provide paystubs to Mr. Walls.

9.      The Defendants did not inform Mr. Walls of the basis on which his pay was calculated.

10.     In fact, the Defendants did not keep any records of the payments they made to Mr. Walls.

11.     In addition, the Defendants did not keep records of the hours that Mr. Walls worked each day.

12.     The Defendants also did not keep records of the total hours that Mr. Walls worked each workweek.

13.     The Defendants also did not pay Mr. Walls on regular pay days.

14.     Instead, the Defendants paid Mr. Walls on an inconsistent basis, often with weeks passing between payments.

15.     On average, Mr. Walls received approximately $400 per week in return for his work for the Defendants through May of 2021.

16.     After May of 2021, the Defendants did not pay Mr. Walls at all for his work.

17.     From May of 2021 through July of 2021, Mr. Walls continued to provide construction services to the Defendants.

18.     At that time, Mr. Walls was performing construction work at the home of a client who hired Boos & Sons to remodel portions of their home.

19.     In July of 2021, after he had gone approximately five weeks without pay, Mr. Walls requested payment and stated his intent to seek his unpaid wages in court if the Defendants continued to refuse to pay him.

20.     On approximately August 8, 2021, Boos & Sons stopped assigning work to Mr. Walls, thereby terminating his employment.

21.     Even after the Defendants terminated Mr. Walls' employment, they refused to pay him his final wages.

22.     On August 9, Mr. Walls asked via text message, "Are you going to pay me what you owe me?"

23.     In response, Mr. Boos said, "I'd rather u try & take me to court!"

24.     On the basis of these facts, Mr. Walls has brought this action for unpaid minimum and overtime wages, as well as for retaliation, pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Colorado Minimum Wage Act (the "Minimum Wage Act"), C.R.S. § 8-4-101, *et seq*., the Colorado Wage Act (the "Wage Act"), C.R.S. § 8-4-101, *et seq*., and the Colorado Overtime and Minimum Pay Standards Order ("COMPS").

25.     Mr. Walls also asserts claims for civil theft against the Defendants pursuant to C.R.S. §

18-4-405, C.R.S. § 8-6-116, and C.R.S. § 8-4-114(2).

26.     Mr. Walls  also asserts a claim for unjust enrichment pursuant to the Colorado common

law.

27.     Finally, in the alternative, Mr. Walls asserts a claim for breach of contract.

### Jurisdiction

28.     The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§

1331 & 1367.

### Venue

29.      All acts giving rise to the causes of action occurred in the State of Colorado.

30.     Venue is proper in the United States District Court for the District of Colorado under 28

U.S.C. § 1391(b).

### Parties

31.     The Plaintiff, Mr. Walls, is a natural person residing in El Paso County, Colorado at all

times relevant to the Complaint.

32.     Williams Boos is an individual person residing in El Paso County, Colorado.

33.     Linda Boos is an individual person residing in El Paso County, Colorado.

34.     Upon information and belief, William and Linda Boos are a married couple.

35.     William and Linda Boos own Boos & Sons.

36.     Boos & Sons is a Colorado limited liability corporation headquartered in, and operating

out of, El Paso County, Colorado.

37.     On April 12, 2010, Williams Boos formed Boos & Sons by filing Articles of

–4–

Organization with the Colorado Secretary of State.

38.     The Articles of Organization for Boos & Sons also lists Williams Boos as the true name

of the person forming the company.

39.     Williams Boos is the registered agent for Boos & Sons.

40.     The management of Boos & Sons is vested in one or more managers.

41.     William and Linda Boos are the only managing members of Boos & Sons.

42.     William and Linda Boos operate Boos & Sons on a day to day basis.

43.     William Boos is the President of Boos & Sons.

44.     As of the date of filing, Boos & Sons has been delinquent with the Colorado Secretary of

State since September 1, 2012.

45.     In spite of its delinquent status, Boos & Sons has continued to conduct business in the

State of Colorado between September 1, 2012 and the present.

46.     Boos & Sons employed approximately fifteen (15) employees in every calendar year

from 2016 through 2021.

47.     Upon information and belief, Boos & Sons also had gross revenue of at least $500,000 in

every calendar year from 2016 through 2021.

**General Allegations**

48.     At all times relevant to the Complaint, Mr. Walls worked as an employee of the

Defendants.

49.     The Defendants knowingly permitted Mr. Walls to perform labor and services on their

behalf.

50.     Mr. Walls performed work on behalf of the Defendants with the expectation that he would be compensated for his labor.

51.     At all times, the work that Mr. Walls performed for the Defendants was subject to the control of the Defendants, and Mr. Boos in particular.

52.     The work that Mr. Walls performed benefitted the Defendants.

53.     For example, Boos & Sons signed contracts with its customers regarding the scope of work to be performed, the price to be paid for the work, and the schedule for the work.

54.     Mr. Boos personally bid jobs on behalf of Boos & Sons.

55.     If the bid was accepted, Mr. Boos then signed contracts with the customers on behalf of Boos & Sons.

56.     Mr. Boos then assigned some of the work to be performed under those contracts to Mr. Walls.

57.     Mr. Walls' assigned duties included carpentry, drywall installation, and painting.

58.     Mr. Boos determined the days of the week when Mr. Walls performed his work.

59.     Mr. Boos also controlled and determined what time of day Mr. Walls should perform his work.

60.     Mr. Boos assigned specific tasks for Mr. Walls to perform.

61.     Mr. Boos specified the order in which Mr. Walls should perform his work.

62.     Mr. Boos established deadlines for Mr. Walls' work.

63.     Mr. Boos often communicated the tasks, schedules, and deadlines that he assigned to Mr. Walls via text message.

64.     In addition, Mr. Walls was economically dependent upon the Defendants.

65.     Mr. Walls did not work in an independent trade or profession.

66.     At all times relevant to the Complaint, Mr. Walls worked for the Defendants and depended upon the contracts between Boos & Sons and its customers for the work he performed.

67.     Mr. Walls' relationship with the Defendants was open ended and did not have a defined end date.

68.     The Defendants provided Mr. Walls with a company credit card that he used to purchase materials and supplies on behalf of Boos & Sons in order to complete his work.

69.     On other occasions, Mr. Walls purchased supplies and materials out of pocket and then received a reimbursement from the Defendants.

70.     The Defendants' liability insurance covered Mr. Walls.

71.     The Defendants obtained the building permits for the construction projects that Mr. Walls performed.

72.     The Defendants warrantied and guaranteed the work performed by Mr. Walls.

73.     Mr. Walls performed work for Defendants under this arrangement for approximately eight years.

74.     Mr. Walls never signed an independent contractor agreement with the Defendants.

75.     Mr. Walls never agreed to work as an independent contractor of the Defendants.

### Mr. Walls' Hours Worked and Compensation Received

76.     From 2016 through July of 2021, Mr. Walls worked an average of fifty (50) hours per week for Defendants.

77.    From 2016 through May of 2021, Mr. Walls earned an approximate amount of $400 per week in return for his labor for Defendants.

78.    Based upon these numbers, the wages paid by the Defendants to Mr. Walls were approximately $8.00 per hour from 2016 through May 2021.

79.    By paying Mr. Walls $8.00 per hour, Defendants failed to pay Mr. Walls the applicable minimum wage.

80.    In addition, by paying Mr. Walls $8.00 per hour, Defendants failed to pay Mr. Walls time and a half for all hours over forty (40) that he worked in a given week.

81.    Then, from approximately June 1, 2021 through approximately July 26, 2021, Defendants did not pay Mr. Walls any wages at all.

82.    During this time period, Mr. Walls continued to work at the home of a Boos & Sons customer, where he was performing remodel services on the customer's master bedroom, bathroom, kitchen, and laundry room.

83.    Mr. Walls began working on this project on approximately March 7, 2021, after Boos & Sons signed a contract with the customer around February, 2021.

84.    During this period of time, Mr. Walls worked five or six days per week, averaging fifty (50) hours per week.

85.    In late July of 2021, after he had gone five weeks without being paid, Mr. Walls began to request payment from the Defendants in a series of texts with Mr. Boos.

86.    In response to Mr. Walls' request for payment, the Defendants refused to pay him.

87.    During that initial text conversation, Mr. Walls stated his intent to enforce his right to

payment in court.

88.　　On July 28, 2021, in response, Mr. Boos texted Mr. Walls that, "[I]f u mention court one more time …. we will be done, cause that's just foolish & u know it, you couldn't even get a court date, let alone any money from me!"

89.　　A week later, on August 4, 2021, Mr. Walls sent another text to Mr. Boos asking for payment.

90.　　In that text, Mr. Walls said that if he was not paid that day, he "will let a judge decide" whether Defendants owed him wages.

91.　　Again, Mr. Boos replied, "if u wanna sit down, we will ! Other wise, u can go fuck yourself . . . ."

92.　　On August 8, 2021, the Defendants stopped assigning work to Mr. Walls, thereby ending his employment.

93.　　Even after the Defendants terminated Mr. Walls' employment, they refused to pay him his final wages.

94.　　On August 9, 2021 Mr. Walls asked Mr. Boos via text, "Are you going to pay me what you owe me?"

95.　　In response, Mr. Boos said, "I'd rather u try & take me to court!"

**Mr. Walls' Wage Demand and Request for Records**

96.　　On October 27, 2021, Mr. Walls sent a written wage demand from counsel to the Defendants requesting his unpaid minimum and overtime wages.

97.　　The Defendants received Mr. Walls' written wage demand.

–9–

98.     The Defendants did not tender any payment of wages to Mr. Walls within fourteen (14) days of the demand.

99.     In fact, the Defendants did not tender any wages to Mr. Walls at all following their receipt of his wage demand.

100.    In the same letter, Mr. Walls requested to copy or inspect his personnel file pursuant to C.R.S. § 8-2-129.

101.    The Defendants did not produce a copy of the personnel file or make it available for inspection.

102.    Also, Mr. Walls requested copies of his itemized earning statements pursuant to 7 CCR 1103-1, Rules 7.1-7.3.

103.    The Defendants did not produce any itemized earning statements in response to Mr. Walls' request.

### Defendants' Failure to Pay Wages to Mr. Walls was Willful

104.    Mr. Boos admitted to Mr. Walls that he owed him money for the time period from May, 2021 through July, 2021.

105.    Mr. Boos also admitted to Mr. Walls that he did not pay him wages for the time period from May, 2021 through July, 2021 because he intended to "drag" Mr. Walls along.

106.    Mr. Boos apologized and admitted that not paying Mr. Walls was wrong.

107.    In spite of these admissions, the Defendants still have not paid Mr. Walls.

### First Cause of Action
### (Violations of the Fair Labor Standards Act against all Defendants)

108.    All prior paragraphs are incorporated herein.

109.    At all times relevant to the Complaint, Plaintiff was an employee of the Defendants under the FLSA, 29 U.S.C. § 201 *et seq*.

110.    Plaintiff worked more than forty (40) hours of work per week.

111.    William and Linda Boos are the sole owners and corporate officers of Boos & Sons.

112.    At all times relevant to the Complaint, William and Linda Boos retained full operational control of Boos & Sons.

113.    Defendants were Mr. Walls' employers under the FLSA.

114.    Defendants suffered and permitted Plaintiff to work more than forty (40) hours per week.

115.    Defendants knew or should have known that Plaintiff was working more than forty (40) hours in a single work week.

116.    Plaintiff was not paid minimum wage for the first 40 hours he worked for Defendants each week.

117.    Plaintiff also was not paid overtime on any hours over 40 that he worked in a week.

118.    Defendants' failure to pay Plaintiff minimum wage and overtime for his hours worked was in violation of the FLSA.

119.    Defendants' violations of the FLSA were willful.

**Second Cause of Action**
**(Violations of the Colorado Wage Act and COMPS against all Defendants)**

120.    All prior paragraphs are incorporated herein.

121.    Plaintiff was an employee within the meaning of the Wage Act.

122.    Defendants were Plaintiff's employers pursuant to the Wage Act.

123.    Defendants did not pay Plaintiff the minimum wage for the first 40 hours he worked each week.

124.    Defendants did not pay Plaintiff overtime for any hours over 40 that he worked in each week.

125.    On October 27, 2021, following the end of his employment with Defendants, Plaintiff made a wage demand pursuant to the Wage Act.

126.    Defendants did not respond to the wage demand.

127.    Defendants did not tender any wages to Mr. Walls after receiving the wage demand.

128.    Defendants' failure to pay minimum wage and overtime violated the Wage Act, C.R.S. § 8-4-101, *et seq*.

129.    Defendants' failure to pay Plaintiff's earned, vested, and determinable wages upon the end of his employment violated the Wage Act, C.R.S. § 8-4-101, *et seq*.

130.    Defendant's failure to pay Plaintiff's wages was willful.

### Third Cause of Action
### (Violations of the Colorado Minimum Wage Act and COMPS against Boos & Sons)

131.    All prior paragraphs are incorporated herein.

132.    Plaintiff was an employee of Defendants.

133.    Defendants failed to pay Plaintiff the applicable minimum wage during the course of his employment.

134.    Defendant's failure to pay Plaintiff the minimum wage was willful.

**Fourth Cause of Action**
**(Civil Theft Pursuant to C.R.S. § 8-6-116 and C.R.S. § 18-4-405 against all Defendants)**

135.    All prior paragraphs are incorporated herein.

136.    Plaintiff was an employee of Defendants.

137.    The individual Defendants are natural persons as well as officers and agents of Boos & Sons.

138.    Defendants failed to pay Plaintiff the applicable minimum wage during the course of his employment.

139.    Defendants' failure to pay Plaintiff the minimum wage was willful and intentional.

140.    By intentionally failing to pay Mr. Walls the minimum wage, Defendants committed theft in the amount of the unpaid minimum wage pursuant to C.R.S. § 8-6-116.

141.    Defendants failed to pay Mr. Walls the minimum wage with the intent of permanently depriving Mr. Walls of the wages he earned as an employee of the Defendants.

142.    By failing to pay Mr. Walls the minimum wage in this manner, Defendants committed theft.

**Fifth Cause of Action**
**(Civil Theft Pursuant to C.R.S. § 8-4-114(2) and C.R.S. § 18-4-405 against all Defendants)**

143.    All prior paragraphs are incorporated herein.

144.    Plaintiff was an employee of Defendants.

145.    The individual Defendants are agents of Boos & Sons.

146.    On October 27, 2021, Mr. Walls made a wage demand on the Defendants pursuant C.R.S. § 8-4-109.

–13–

147.   The Defendants did not tender a payment of wages to Mr. Walls after receiving his wage demand.

148.   To justify not paying wages in response to Mr. Walls' statutory demand, Defendants now willfully, intentionally, and falsely deny that Mr. Walls worked as an employee.

149.   Defendants chose not to tender wages to Mr. Walls with the intent of securing for themselves a discount upon the wages owed to him and with the intent to annoy, harass, oppress, hinder, and delay Mr. Walls and his attempts to collect his unpaid wages.

150.   Defendants failed to tender wages in response to Mr. Walls' wage demand with the intent of permanently depriving Mr. Walls of the wages he earned as an employee.

151.   Defendants' failure to tender wages to Mr. Walls was willful.

152.   By failing to tender wages to Mr. Walls following their receipt of his statutory demand for wages, the Defendants committed theft.

### Sixth Cause of Action
### (Unjust Enrichment against all Defendants)

153.   All prior paragraphs are incorporated herein.

154.   The Defendants received the benefits of Mr. Walls' construction services.

155.   The Defendants received the benefits of Mr. Walls' construction services at his expense by not paying for all his labor.

156.   Under the circumstances, it would be unjust for the Defendants to retain the benefit of Mr. Walls' construction services without fully compensating Mr. Walls for his labor.

### Seventh Cause of Action
### (FLSA Retaliation against all Defendants)

–14–

157.    All prior paragraphs are incorporated herein.

158.    Plaintiff was an employee of Defendants.

159.    In July of 2021, Plaintiff placed Defendants on notice that he had not been paid for the work he performed, requested payment, and stated his intent to enforce his right to payment in court, if necessary.

160.    Plaintiff's repeated attempts to obtain payment put the Defendants on notice that Plaintiff believed their failure to pay him wages in return for his work was unlawful.

161.    In turn, Defendants threatened Plaintiff's employment by making statements such as "if u mention court one more time …. we will be done" and "u fucked up & it's prolly gonna cost u a good friend , let alone the verbal arrangements of business endevores !"

162.    When Plaintiff continued to insist that Defendants needed to pay him for his work, Defendants stopped assigning work to Plaintiff and ended his employment at the beginning of August of 2021.

163.    Defendants' decision to end Plaintiff's employment was caused by his ongoing attempts to receive payment for the work he had performed over the prior two months.

164.    Defendants' decision to terminate Plaintiff's employment was willful.

165.    Defendants' decision to terminate Plaintiff's employment has resulted in damages to the Plaintiff, including wage loss and emotional distress.

### Eighth Cause of Action
### (Wage Act Retaliation against all Defendants)

166.    All prior paragraphs are incorporated herein.

167.    In July of 2021, Plaintiff placed Defendants on notice that he had not been paid for the work he performed, requested payment, and stated his intent to enforce his right to payment in court, if necessary.

168.    Plaintiff's repeated attempts to obtain payment put the Defendants on notice that Plaintiff believed their failure to pay him wages in return for his work was unlawful.

169.    Plaintiff's repeated attempts to obtain payment also put the Defendants on notice that Mr. Walls might testify on his own behalf in a court proceeding to enforce his rights under the Wage Act.

170.    In turn, Defendants threatened Plaintiff's employment by making statements such as "if u mention court one more time …. we will be done" and "u fucked up & it's prolly gonna cost u a good friend , let alone the verbal arrangements of business endevores!"

171.    Mr. Walls demand to be paid for his labor constituted protected activity under the Wage Act.

172.    When Plaintiff continued to insist that Defendants needed to pay him for his work, Defendants stopped assigning work to Plaintiff and ended his employment at the beginning of August of 2021.

173.    Defendants' decision to end Plaintiff's employment was taken in retaliation for his ongoing attempts to receive payment for the work he had performed over the prior two months.

174.    Defendants' decision to terminate Plaintiff's employment was willful.

175.    Defendants' decision to terminate Plaintiff's employment has resulted in damages to the Plaintiff, including wage loss and emotional distress.

**Ninth Cause of Action**
**(Breach of Contract against Boos & Sons)**

176.    All prior paragraphs are incorporated herein.

177.    Mr. Walls pleads this claim in the alternative, specifically in the event that the Court

determines that Mr. Walls worked as an independent contractor and not an employee.

178.    Defendants allege that Mr. Walls worked as an independent contractor.

179.    Boos & Sons offered to pay Mr. Walls to perform work on its behalf.

180.    Mr. Walls accepted Boos & Sons offer to perform work on its behalf in return for

payment.

181.    Mr. Walls substantially performed his contractual obligations by performing the agreed

upon work.

182.    To the extent that Mr. Walls did not perform the agreed upon work, his non-performance

is excused by Boos & Sons breach.

183.    Boos & Sons breached its contract with Mr. Walls by failing to pay for the work he

performed as agreed upon.

184.    Mr. Walls has suffered damages as a result of Boos & Sons breach of contract.

**Prayer for Relief**

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a.   All unpaid wages, including minimum wage and overtime;

b.   Liquidated damages;

c.   Back pay;

d. Front pay;

e. Compensatory damages;

f. General contract damages;

g. Special contract damages;

h. Penalties pursuant to C.R.S. § 8-4-109(3)(b);

i. Penalties pursuant to C.R.S. § 8-4-109(3)(c);

j. Treble damages for civil theft pursuant to C.R.S. § 18-4-405;

k. Costs and attorneys' fees;

l. Pre- and post-judgment interest at the highest rate allowed by law;

m. Nominal damages; and

n. All other legal or equitable relief to which Plaintiff is entitled.

Respectfully submitted this 29th day of April, 2022.

CORNISH & DELL'OLIO, P.C.

s/ Bradley J. Sherman
Bradley J. Sherman, # 39452
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
TEL (719) 475-1204
FAX (719) 475-1264
Email: bsherman@cornishanddellolio.com
Attorneys for Plaintiff

Plaintiff's address:
79 Saddlemountain Road
Colorado Springs, CO 80919